UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

STANLEY EDWARD JAMISON,

        Defendant.

                    NO. CR. S-99-369 LKK

                    O R D E R

---

On various occasions, defendant moved to set aside his conviction under 28 U.S.C. section 2255. The court has denied these motions. Defendant now contends that this court erred by failing to enter a "final order" or judgment on these motions.

Defendant is in error. When a court *denies* a motion under section 2255 no further order or court action is necessary. "An appeal may be taken to the court of appeals from the order entered on the motion as from the final judgment on application for a writ of habeas corpus." 28 U.S.C. § 2255(d).

////

1

1    Defendant argues that United States v. Martin, 226 F.3d 1042,
2 1047 (9th Cir. 2000) held to the contrary.  Martin recognized,
3 however, that this was the ordinary course of affairs.  The
4 particular facts in Martin broke from this mold because the order
5 on the section 2255 motion at issue contemplated resentencing but
6 did not itself resentence the defendant.  Id. at 1044.
7 Accordingly, Martin was not a case where "the granting of the §
8 2255 motion terminated the litigation in the district court."
9 Id. at 1047.
10   Because 28 U.S.C. section 2255(d) provides that no separate
11 entry of judgment was necessary in this case, defendant's motion
12 is DENIED.
13   IT IS SO ORDERED.
14   DATED: April 28, 2010.

*(signature)*
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

2