UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>STANLEY EDWARD JAMISON, JR.,<br><br>Movant. | No. 2:99-cr-0369 GEB CKD P<br><br><br><br>ORDER |

Movant is proceeding with counsel with a motion for habeas corpus relief under 28 U.S.C. § 2255. The motion stands submitted to the court for decision. After review of the entire record, it appears to the court that the motion is time-barred. Because respondent does not directly argue that the motion is time-barred,[1] the court will allow movant an opportunity to brief the issue.[2]

In his motion, movant argues the trial court's finding that movant is a "career offender" under United States Sentencing Guideline (Guideline[s]) § 4B1.1 must be reversed, because his prior convictions for bank robbery do not qualify movant for that designation. Movant asks to be resentenced with the applicable Guidelines range being 110-137 months.

---

[1] Respondent's argument regarding the retroactive applicability of Johnson v. United States, 135 S. Ct. 2551 (2015) implicates statute of limitations concerns which will become apparent below.

[2] District courts are permitted to consider, sua sponte, whether a habeas petition is timely after providing the parties "fair notice and an opportunity to present their positions." Day v. McDonough, 547 U.S. 198, 209-10 (2006).

1

Under § 4B1.1(a), a defendant is a "career offender" if, in relevant part, "the defendant has at least two prior felony convictions of . . . a crime of violence." A "crime of violence" is defined under the 1998 version of § 4B1.2(a) as one that:

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

Movant argues that the only possible way bank robbery can be a "crime of violence" is under the clause "or otherwise involves conduct that presents a serious potential risk of physical injury to another" and argues that phrase is unconstitutionally vague.

Movant's argument is derived from <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015) in which the Supreme Court held that imposing an increased sentence under what has become known as the "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2) (ACCA), is a violation of Due Process Clause of the Fourteenth Amendment as that provision is too vague. Under the "residual clause" found in § 924(e)(2)(B)(ii) a "violent felony" is, in part, a crime punishable by imprisonment exceeding one year that "involves conduct that presents a serious potential risk of physical injury to another."

The statute of limitations applicable to § 2255 motions reads as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

/////

/////

2

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(f).

Judgment was final in this case in late 2003 after the Ninth Circuit denied movant's direct appeal (ECF No. 178) and after the time ran for movant to file a petition for writ of certiorari in the United States Supreme Court. In his motion, movant contends his claim is saved by Johnson which was made retroactively applicable to collateral challenges in Welch v. United States, 136 S. Ct. 1257 (2016). However, in Beckles v. United States, 137 S. Ct. 886 (2017) the Supreme Court found that the "advisory" Guidelines are "not subject to vagueness challenges under the Due Process Clause." Id. at 890. Also, in her concurrence, Justice Sotomayor identified that the question of whether a vagueness challenge can be brought by persons, like movant, who were sentenced before the Supreme Court decided U.S v. Booker, 543 U.S. 220 (2005) at a time when the Guidelines were "mandatory" as opposed to "advisory" is an open question. Beckles, 137 S. Ct. at 905 n. 4 (Sotomayor, J., concurring).

At least three district courts within the Ninth Circuit have found that vagueness challenges to the "mandatory" Guidelines which are nearly identical to movant's are time-barred in that there has been no new rule of law created by the Supreme Court to restart the clock under 28 U.S.C. § 2244(f)(3): U.S. v. Virdine, 2:95-cr-482 KJM AC P, 2017 WL 3822651, at *8 (E.D. Cal. Sept. 1, 2017); Hirano v. U.S., Cr. No. 99-00465 ACK, 2017 WL 2661629, at *8 (D. Hawai'i June 20, 2017); Hodges v. U.S., C16-1521JLR, 2017 WL 1652967, at *2-3 (W.D. Wash. May 2, 2017).

In light of the foregoing, IT IS HEREBY ORDERED that:

1. Movant is granted 14 days within which to file supplemental briefing as to why this matter is not time-barred. If movant elects not to file supplemental briefing the court will recommend that this action be dismissed as time-barred for the reasons identified above.

/////

/////

/////

/////

3

2. Respondent may file a response to any supplemental briefing filed by movant within 14 days of service thereof.

Dated: October 4, 2017

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
jami0369.257(3)