UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>STANLEY EDWARD JAMISON, JR.,<br><br>Movant. | No. 2:99-cr-0369 GEB CKD P<br><br>FINDINGS AND RECOMMENDATIONS |

Movant is proceeding with counsel with a motion for habeas corpus relief under 28 U.S.C. § 2255. After the court's initial review of the record, it appeared to the court that movant's claims are time-barred. That being the case, because respondent did not explicitly raise the limitations defense, and consistent with the Supreme Court's ruling in Day v. McDonough, 547 U.S. 198, 210 (2006), the court granted movant the opportunity to submit supplemental briefing regarding the issue, which movant has now done. Respondent has also submitted supplemental briefing asserting that movant's claims are time-barred. After carefully considering the record and briefing, the court finds that movant's claims are time-barred, despite respondent's initial failure to affirmatively assert the statute of limitations. The court therefore recommends that movant's motion be denied.

/////

/////

1

I.   Background

Movant was convicted by a jury of two counts of bank robbery in violation of 18 U.S.C. § 2113(a). ECF No. 54. Applying the then-mandatory Guidelines, the district court found that movant was a career offender under §§4B1.1 and 4B1.2 based on movant's two prior bank robbery convictions. The district court also found that the applicable guideline range was 210-262 months, and sentenced movant to 236 months imprisonment. ECF No. 77.

Movant appealed his conviction and sentence. ECF No. 78. The Ninth Circuit affirmed the convictions, but vacated the sentence and remanded to allow the district court to state its reasons for the sentence imposed. ECF No. 102. The district court then re-imposed the sentence of 236 months, explaining that movant was a "career offender . . . with a lengthy history of violent felonies, [ ] was on both parole and supervised release at the time he committed the instant offense . . . [had] never successfully completed a grant of supervision . . . is impulsive and a drug addict." ECF No. 122.

Movant now argues that the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015) compels the conclusion that language found in the mandatory Guidelines provisions governing his sentence is constitutionally deficient, and that the court should "vacate his unconstitutionally imposed sentence." ECF No. 210 at 36.

II.   Standards

Under 28 U.S.C. § 2255(a), a prisoner may move to vacate, set aside, or correct a sentence if it "was imposed in violation of the Constitution or laws of the United States." A one-year limitation period applies to motions filed under this section. 28 U.S.C. § 2255(f). The limitations period runs, in relevant part, from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" 28 U.S.C. § 2255(f)(3).

III.   Johnson and Beckles

In Johnson v. United States, 135 S. Ct. 2551 (2015), the Supreme Court struck down the "residual clause" of the Armed Career Criminals Act ("ACCA") as void for vagueness. Johnson did not, however, address identically-worded "residual clauses" in the Guidelines. In Beckles v.

United States, 137 S. Ct. 886 (2017), the Supreme Court took up the issue of post-Booker "advisory" Guidelines, and found that they were not subject to a vagueness challenge:

> In *Johnson*, we applied the vagueness challenge to a statute fixing permissible sentences. The [Armed Career Criminal Act's] residual clause, where applicable, required sentencing courts to increase a defendant's prison term from a statutory maximum of 10 years to a minimum of 15 years. That requirement thus fixed—in an impermissibly vague way—a higher range of sentences for certain defendants. [Citation omitted.]
>
> Unlike the ACCA, however, the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence in a statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge . . .

Beckles, 137 S. Ct. at 892.

As Justice Sotomayor noted in her concurrence in Beckles, however, whether defendants sentenced under the pre-Booker mandatory Guidelines may present successful vagueness challenges to their sentences remains an "open question." Id. at 905, n. 4.

### IV. The Statute of Limitations Under 28 U.S.C. § 2255(f)

Whether movant can now raise a challenge to his pre-Booker sentence turns on whether or not his challenge is timely under 28 U.S.C. § 2255(f)(3) because it asserts a newly recognized right made retroactively applicable to cases on collateral review. Movant argues that because his "motion asserts a right recognized in Johnson [citations omitted] and made retroactive to cases on collateral review by Welch v. United States, 136 S. C.t 1257, 1258 (2016)," and his motion was filed within one year of the date Johnson was decided, it is timely. ECF No. 120 at 12. The court disagrees.

Indeed, the majority of courts to address this issue have found § 2255 motions like movant's to be untimely because "the Supreme Court in Johnson did not recognize a new right with respect to the mandatory Guidelines." United States. v. Gildersleeve, No. 3:01-cr-00168 HZ, 2017 WL 5895135, at * 3 (D. Or. Nov. 28, 2017); United States v. Patrick, 6:98-cr-60099-MC-1, 2017 WL 4683929, at *4-6 (D. Or. Oct. 18, 2017); Hardy v. United States, No. 03-68, 2017 WL 5986119, at *3 (S.D. Miss. Dec. 1, 2017); see also, e.g., United States v. Brown, 868 F.3d 297, 303 (4th Cir. 2017) ("We hold that Petitioner raises an untimely motion in light of §

3

1  2255(f)(3)'s plain language, the narrow nature of Johnson's binding holding, and Beckles's
2  indication that the position advanced by Petitioner remains an open question in the Supreme
3  Court."); Raybon v. United States, 867 F.3d 625, 630-31 (6th Cir. 2017) ("Raybon's untimely
4  motion cannot be saved under § 2255(f)(3) because he 'is asking for the recognition of a new
5  right by this court—that individuals have a Constitutional right not to be sentenced as career
6  offenders under the residual clause of the mandatory Sentencing Guidelines.' "); United States v.
7  Shipman, No. 16-50016, 2017 WL 5569823, at *5 (N.D. Ill. Nov. 20, 2017) ("the court finds that
8  the 'right' asserted by defendant is distinct from the 'right' newly recognized in Johnson, and thus
9  § 2255(f)(3) does not apply."); United States v. Patrick, No. 98-60099, 2017 WL 4683929, at *4
10 (D. Or. Oct. 18, 2017) (collecting cases); McCandless v. United States of America, No. 10-793,
11 2017 WL 4019415, at *5 (D. Haw. Sept. 12, 2017); United States v. Baldwin, No. 00-105, 2017
12 WL 3730503, at *4 (E.D. La. Aug. 30, 2017).

In view of these decisions, the court concludes that because the Supreme Court has not decided whether the "residual clause" at issue in this case as it was applied pre-Booker is unconstitutionally vague—and did not do so in Johnson -- movant's § 2255 motion is untimely.

### V.   Waiver

Although the Johnson analysis would normally resolve this motion, there is an additional issue to be addressed in this case: movant argues that by not explicitly raising the limitations defense in its initial opposition, respondent "has waived the untimeliness defense." ECF No. 210 at 10. Movant further argues that respondent's initial briefing reflects "a well-thought out strategy to present numerous procedural defenses as well as a substantive opposition to [movant] being granted relief." Id. at 9.

The court agrees that respondent could have been more clear and forceful in advancing a statute of limitations defense. However, respondent did argue that Beckles forecloses vagueness attacks on the advisory guidelines, and that Beckles "did not directly address whether Johnson applies to a sentence like [movant's]." ECF No. 206 at 14. Given the rapidly evolving state of the law in this area, the court cannot conclude that respondent's initial position reflects an "intelligent" or "strategic" decision to waive the statute of limitations defense. Wood v. Milyard,

4

566 U.S. 463, 477 (2012).

Further, the court concludes that movant has not been prejudiced in any respect in the "delayed focus on the limitations issue," and nothing suggests that the "interests of justice would be better served by addressing the merits" of movant's claim. Day, 547 U.S. at 210 (internal quotation marks omitted). From the movant's perspective, it would always be preferable to have claims addressed on the merits, but statutes of limitations exist at least in part to promote judicial efficiency and to preserve judicial resources. Id. at 205.

For all of the reasons stated herein, and in the court's October 4, 2017 order, IT IS HEREBY RECOMMENDED that:

1. Movant's June 17, 2016 motion for habeas corpus relief under 28 U.S.C. § 2255 (ECF No. 200) be denied as time barred; and

2. The Clerk of the Court be directed to close the companion civil case No. 2:16-cv-3064 GEB CKD.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections, movant may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2255 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time waives the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 8, 2018

/s/ Carolyn K. Delaney

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
jami0369.tb

5